Jennifer W. Naples [Bar No. 279087]
*jnaples@wzllp.com*
WESIERSKI & ZUREK LLP
100 Corson Street, Suite 300
Pasadena, California 91103
Telephone: (213) 627-2300
Facsimile: (213) 629-2725
Electronic service of documents only:
eServicePasadena@wzllp.com

Attorneys for Defendants, ALPHA BETA COMPANY dba RALPHS and THE KROGER CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAY,<br><br>    Plaintiff,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, THE KROGER CO., METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC., and JOHN DOE ARMED SECURITY GUARD,<br><br>    Defendants. | Case No. 2:23-cv-08278 DDP(MARx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Judge:  DEAN D. PREGERSON<br><br>Trial Date:  None Set<br><br>Date:  12/27/2023<br>Time:  10:00 a.m. |

**TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

Defendants ALPHA BETA COMPANY dba RALPHS and THE KROGER CO. ("Defendants") hereby submit their Opposition to Plaintiff CHRISTOPHER GRAY's ("Plaintiff") motion to strike certain affirmative defenses pled by Defendants, as follows below.

///

///

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................. 1

II. RELEVANT LEGAL STANDARD ................................................................. 1

    A. Motions to Strike Affirmative Defenses are Disfavored ....................... 1

    B. Affirmative Defense Pleading Standard ................................................ 2

    C. Motions to Strike are Generally Considered Improper and as such Plaintiff's Motion Should be Denied by the Court ........................ 3

    D. The Motion to Strike Must Be Denied if the Pleadings at Issue have Possible Relevance to the Case ...................................................... 4

III. DEFENDANT'S AFFIRMATIVE DEFENSES ARE PROPERLY PLED .................................................................................................................. 5

    A. First Affirmative Defense – Failure to State a Cause of Action ............ 5

    B. Second Affirmative Defense – Statute of Limitations ........................... 6

    C. Third Affirmative Defense - Laches ...................................................... 6

    D. Fourth Affirmative Defense – Estoppel ................................................. 6

    E. Fifth Affirmative Defense – Unclean Hands ......................................... 6

    F. Sixth Affirmative Defense – Waiver ..................................................... 7

    G. Eighth Affirmative Defense – Ratification ............................................ 7

    H. Ninth Affirmative Defense – Failure to Mitigate .................................. 7

    I. Tenth Affirmative Defense – No Violation of Legally Cognizable Public Policy ........................................................................................... 8

    J. Twelfth Affirmative Defense – Third Party Comparative Fault ........... 8

    K. Thirteenth Affirmative Defense – Contributory Negligence ................. 8

    L. Fourteenth Affirmative Defense – Business Judgment Rule ................ 9

    M. Eighteenth Affirmative Defense – Reasonable and Necessary Measures ................................................................................................. 9

    N. Twentieth Affirmative Defense – Legitimate Safety Requirements ........................................................................................ 9

    O. Twenty-First Affirmative Defense – Legitimate Business Purpose ................................................................................................. 10

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

| | | |
|---|---|---|
| P. | Twenty-Second Affirmative Defense – Additional Affirmative Defenses | 10 |
| Q. | Twenty-Fourth Affirmative Defense – Injury Claimed Attributable to Plaintiff | 10 |
| R. | Twenty-Fifth Affirmative Defense – Injuries and/or Damages Caused by Negligence of Plaintiff | 11 |
| S. | Twenty-Seventh Affirmative Defense – Financial Responsibility | 11 |
| T. | Thirtieth Affirmative Defense – Intentional Acts of Others | 11 |
| IV. | CONCLUSION | 12 |

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

I1998429-1 SED-1596

ii

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Augustus v. Board of Public Instruction of Escambia County,*
  Fla., 306 F.2d 862 (5th Cir. 1962) ................................................................. 3, 4

*Blenke Bros. Motors, Inc. v. Chrysler Corp.,*
  189 F. Supp. 420 (N.D. Ill. 1960) .................................................................... 5

*Brown & Williamson Tobacco Corp. v. U.S.,*
  201 F.2d 819 (6th Cir. 1953) ........................................................................... 4

*Brown v. Hain Celestial Group, Inc.,*
  913 F. Supp. 2d 881, 79 U.C.C. Rep. Serv. 2d 338 (N.D. Cal. 2012) ............ 3

*Bureerong v. Uvawas,*
  922 F. Supp. 1450 (C.D. Cal. 1996) ................................................................ 3

*Colaprico v. Sun Microsystems, Inc.,*
  758 F. Supp. 1335 (N.D. Cal. 1991) ................................................................ 5

*Croy v. Skinner,*
  410 F. Supp. 117 (N.D. Ga. 1976) ................................................................... 4

*F.D.I.C. v. White,*
  828 F. Supp. 304 (D.N.J. 1993) ....................................................................... 3

*Federal Nat. Mortg. Ass'n v. Cobb,*
  738 F. Supp. 1220 (N.D. Ind. 1990) ................................................................ 2

*Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New
  York,*
  278 F. Supp. 2d 313 (N.D.N.Y. 2003) ............................................................. 3

*Ham v. Aetna Life Ins. Co.,*
  283 F. Supp. 153 (N.D. Okla. 1968) ................................................................ 4

*Hernandez v. Balakian*
  (E.D. Cal. 2007) 2007 WL 1649911 2 ............................................................ 5

*Intercon Solutions, Inc. v. Basel Action Network,*
  969 F. Supp. 2d 1026 (N.D. Ill. 2013) ............................................................. 4

*J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.*,
  542 F.2d 1318 (7th Cir. 1976) ........................................................................... 3

*Kling v. Hallmark Cards Inc.*
  (9th Cir. 2000) 225 F.3d 1030 ......................................................................... 6

*Lumbard v. Maglia, Inc.*,
  621 F. Supp. 1529 (S.D.N.Y. 1985) ................................................................. 5

*OKC Corp. v. Williams*,
  461 F. Supp. 540 (N.D. Tex. 1978) .............................................................. 2, 3

*Pickern v. Yin Liu, Inc.*
  (E.D. Cal. 2014) 2014 WL 130496 ................................................................. 1

*Quintana v. Baca*,
  233 F.R.D. 562 (C.D. Cal. 2005) .................................................................. 2, 3

*RDF Media Ltd. v. Fox Broadcasting Co.*
  (C.D. Cal. 2005) 273 F.Supp.2d 556 .............................................................. 1

*S.E.C. v. Nacchio*,
  438 F. Supp. 2d 1266 (D. Colo. 2006) ............................................................. 2

*Simmons v. Navajo County, Ariz.*
  (9th Cir. 2010) 609 F.3d 1011 ......................................................................... 2

*Southmark Prime Plus, L.P. v. Falzone*,
  768 F. Supp. 487 (D. Del. 1991) ...................................................................... 5

*Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*,
  427 F. Supp. 2d 1022 (D. Kan. 2006) ............................................................. 4

*Toucheque v. Price Bros. Co*,
  5 F. Supp. 2d 341 (D. Md. 1998) ...................................................................... 5

*TracFone Wireless, Inc. v. Zip Wireless Products, Inc.*,
  716 F. Supp. 2d 1275 (N.D. Ga. 2010) ............................................................ 4

*Zenith Radio Corp. v. Hazeltine Research, Inc.*
  (1971) 401 U.S. 321 ......................................................................................... 1

**State Statutes**

*Cal. Civil Code* § 3517 ............................................................................................ 6

**Rules**

*FRCP* § 8b ............................................................................................................. 2

*FRCP* Rule 7(a) ..................................................................................................... 5

*FRCP* Rule 12 ....................................................................................................... 5

*FRCP* Rule 12(b)(6) ............................................................................................. 5

*FRCP* Rule 12(f) ............................................................................................... 2, 4

*FRCP* Rule 12(h)(2) ............................................................................................. 5

**Other Authorities**

*Federal Practice & Procedure 5C* (3rd ed.) § 1381 ............................................. 1

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

3

I1998429-1 SED-1596     DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should deny Plaintiff's motion to strike affirmative defenses because the Defendants properly and adequately pled the defenses in question. In addition, motions to strike affirmative defenses are highly disfavored and necessarily force defendants to discard an affirmative defense prior to conducting discovery. Nevertheless, Plaintiff contends that certain affirmative defenses are not affirmative defenses, or are inadequately pled. A review of the operative pleadings and relevant legal authorities will show that the affirmative defenses are appropriate and necessary based on the factual allegations in this complaint. Accordingly, the Court should deny Plaintiff's motion to strike affirmative defenses. If the Court is inclined to grant, in whole or in part, Plaintiff's motion, then Defendants respectfully request that they be permitted leave to amend their answers.

## II. RELEVANT LEGAL STANDARD

### A. Motions to Strike Affirmative Defenses are Disfavored

It should be noted at the outset that "[m]otions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic" and because of the public policy favoring resolution on the merits. *RDF Media Ltd. v. Fox Broadcasting Co.* (C.D. Cal. 2005) 273 F.Supp.2d 556, 566. In fact, to prevail on a motion to strike affirmative defenses, moving parties generally need to establish that 1) there is no question of fact that may allow the defense to succeed; 2) there is no substantial question of law that may allow the defense to succeed; and 3) plaintiff would be prejudiced by the inclusion of the defense. *Federal Practice & Procedure 5C* (3rd ed.) § 1381. Finally, where an affirmative defense is stricken, leave to amend should be freely given in the absence of prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.* (1971) 401 U.S. 321, 330-331; *Pickern v. Yin Liu, Inc.* (E.D. Cal. 2014) 2014 WL 130496.

## B. Affirmative Defense Pleading Standard

According to Federal Rules of Civil Procedure *("FRCP")* § 12(f), a court may strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. With respect to defenses pled, *FRCP* § 8b states that such defenses must be stated "in short and plain terms to each claim asserted against it." Notably, "[t]he key to determining the sufficiency of a pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. *Simmons v. Navajo County, Ariz.* (9th Cir. 2010) 609 F.3d 1011, 1023 (citing to *Wyshak v. City Nat'l Bank* (9th Cir. 1979) 607 F.2d 824, 827).

The Court must liberally construe Defendants' answer and must strike only if it cannot be maintained under any circumstances. [(*S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances.") (citations omitted) *Quintana v. Baca*, 233 F.R.D. 562, 564–65 (C.D. Cal. 2005) (when ruling on a motion to strike, the pleadings should be construed in the light most favorable to the non-moving party). *Federal Nat. Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990) ("Considering the disfavor with which motions to strike are looked upon, a court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party.") (citations omitted) (note that certain portions of a counterclaim were stricken in this case). *OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978). ("In determining whether a party's pleading is impertinent or scandalous, a court should view all well-pleaded facts in their most favorable light.")]. Here, Defendants maintain that Defendants were not the party responsible for Plaintiff's alleged injuries. As such, when liberally construed, the answer is sufficient. The evidence will clearly show that Defendants

committed no wrong and that Plaintiff cannot support his allegations against Defendants.

### C. Motions to Strike are Generally Considered Improper and as such Plaintiff's Motion Should be Denied by the Court

The Courts throughout the country have consistently held that motions such as Plaintiff's are improper and as such should be denied. [*Augustus v. Board of Public Instruction of Escambia County*, Fla., 306 F.2d 862, 868 (5th Cir. 1962) (court should not resolve disputed factual issues through a motion to strike).; *J. F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp*., 542 F.2d 1318, 1325–26 (7th Cir. 1976) (trial court should not have stricken a party's pleadings on the basis that the party declined to sign a pretrial stipulation of facts); *Brown v. Hain Celestial Group, Inc*., 913 F. Supp. 2d 881, 888-92, 79 U.C.C. Rep. Serv. 2d 338 (N.D. Cal. 2012) (generally, allegations of standing as to a class action should be resolved through the certification proceedings, rather than through a motion to strike; however, if the issue is clear from the pleadings, the court can resolve the issue through a motion to strike). (Note in this case, the plaintiffs were found to have sufficient standing and the motion to strike due to lack of standing that was filed by the defendant was denied); *Quintana v. Baca*, 233 F.R.D. 562, 564–65 (C.D. Cal. 2005) (the merits of the case should not be considered when ruling on a motion to strike); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (court should not resolve disputed issues of law through a motion to strike); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479–81 (C.D. Cal. 1996) (plaintiff's claims for damages would not be stricken because the defendant was unable to show that the requested damages were not recoverable as a matter of law); *F.D.I.C. v. White*, 828 F. Supp. 304, 311–12 (D.N.J. 1993) (court would not strike an affirmative defense when doing so would require reliance on factual information that was outside of the pleadings); *OKC Corp. v. Williams*, 461 F. Supp. 540, 550 (N.D. Tex. 1978) (disputed issue of fact

should not be decided on motion to strike). *Croy v. Skinner*, 410 F. Supp. 117, 132–33 (N.D. Ga. 1976) (a motion to strike is not the proper method for testing the evidentiary sufficiency of a pleading). *Ham v. Aetna Life Ins. Co*., 283 F. Supp. 153, 154 (N.D. Okla. 1968) (citations omitted) ("The purpose of the motion to strike an answer is to test its legal sufficiency) (note that the motion to strike the answer to the complaint was not granted in this case). Plaintiff alleges that Defendants allowed Plaintiff to be singled out and harassed by security guards on Defendants' premises and that Plaintiff was ultimately assaulted by the same security guards. Defendants vigorously contest these allegations. Thus the Court must deny this motion to strike as it would be improper to grant it given the differing positions on the alleged incident of the respective parties.

**D.  The Motion to Strike Must Be Denied if the Pleadings at Issue have Possible Relevance to the Case**

The Federal Courts have consistently held that if a pleading has possible relevance to the case a motion to strike should not be granted. [*Augustus v. Board of Public Instruction of Escambia County, Fla*., 306 F.2d 862, 868 (5th Cir. 1962) (motion to strike should not be granted if the pleading at issue has possible relevance to the case); *Brown & Williamson Tobacco Corp. v. U.S*., 201 F.2d 819, 822 (6th Cir. 1953) (motion to strike should not be granted if the pleading at issue has possible relevance to the case); *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1064–65 (N.D. Ill. 2013) (the plaintiff's motion to strike the defendants' affirmative defense of unclean hands pursuant to Rule 12(f) was denied because the pleadings demonstrated that the defendants stated a plausible defense of unclean hands); *TracFone Wireless, Inc. v. Zip Wireless Products, Inc*., 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (court refused to strike an exhibit from a complaint because the exhibit had "some possible relation to the controversy" and in so deciding, the court noted that a motion to strike is a drastic remedy); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc*., 427 F. Supp. 2d 1022, 1028–29 (D. Kan.

2006) (a motion to strike is not proper unless that allegations have no relevance to the issues); *Toucheque v. Price Bros. Co*, 5 F. Supp. 2d 341, 350–51 (D. Md. 1998) (motion to strike was denied when the allegations at issue were relevant to state law claims); *Southmark Prime Plus, L.P. v. Falzone*, 768 F. Supp. 487, 492 (D. Del. 1991) (allegation that was central to the party's claim would not be stricken); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339–40 (N.D. Cal. 1991) (allegations which related to the claims at issue, were not stricken); *See also*, as modified in part on reconsideration, *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335 (N.D. Cal. 1991); *Lumbard v. Maglia, Inc.*, 621 F. Supp. 1529, 1539 (S.D.N.Y. 1985) (allegations which directly related to the claims at issue, were not stricken); *Blenke Bros. Motors, Inc. v. Chrysler Corp.*, 189 F. Supp. 420, 422 (N.D. Ill. 1960) (motion to strike should not be granted if there is any doubt about whether or not the allegations at issue relate to the case)]. Defendants' answer as pled clearly includes affirmative defenses that are relevant to the case, and Defendants should not be subject to the drastic remedy of a Motion to Strike at this preliminary stage of the litigation. Defendants have not yet had the opportunity to fully conduct discovery necessary to provide further support for their affirmative defenses and Defendants should not be penalized at this stage without being provided the opportunity to conduct said discovery.

### III. DEFENDANT'S AFFIRMATIVE DEFENSES ARE PROPERLY PLED

#### A. First Affirmative Defense – Failure to State a Cause of Action

According to Rule 12(h)(2), "[a] defense of failure to state a claim upon which relief can be granted… may be made in *any pleading* permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." *See also Hernandez v. Balakian* (E.D. Cal. 2007) 2007 WL 1649911 2. A plain reading of Rule 12 supports the conclusion that failure to state a claim is a defense that may be asserted in an answer. In addition, Rule 12(b)(6) specifically lists "failure to state a claim upon which relief can be granted" as an affirmative

defense. Accordingly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Plaintiff will not be prejudiced if the motion is denied.

### B.  Second Affirmative Defense – Statute of Limitations

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provides fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Plaintiff will not be prejudiced if the motion is denied.

### C.  Third Affirmative Defense - Laches

Laches "is an equitable time limitation on a party's right to bring suit." *Kling v. Hallmark Cards Inc.* (9th Cir. 2000) 225 F.3d 1030, 1036. Plaintiff contends that Defendants failed to provide fair notice of this particular affirmative defense. However, when read in conjunction with the pleadings, which contain numerous dates, it should not be disputed that Defendants pled sufficient facts to provide fair notice to Plaintiff.

### D.  Fourth Affirmative Defense – Estoppel

Plaintiff contends that Defendants' affirmative defense for estoppel is inadequately pled. Defendant's fourth affirmative defense is based on negligence The estoppel defense is adequately pled if read in conjunction with the pleadings that have been filed to date and Defendants should be allowed to plead this affirmative defense.

### E.  Fifth Affirmative Defense – Unclean Hands

The law does not allow one to take advantage of his or her own wrong. *Cal. Civil Code* § 3517. Here, this affirmative defense is adequately pled when read in conjunction with the allegations made in the pleadings. Defendants have also not yet had the opportunity to adequately conduct discovery and complete their

investigation into Plaintiff's conduct that will allow Defendant to more particularly plead this affirmative defense.

Thus, until discovery has commenced, it would be premature to dismiss this particular affirmative defense. Similarly, dismissing this particular defense will necessarily prejudice Defendants whereas not dismissing this defense will have no impact on Plaintiff.

### F. Sixth Affirmative Defense – Waiver

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Plaintiff will not be prejudiced if the motion is denied.

### G. Eighth Affirmative Defense – Ratification

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Plaintiff will not be prejudiced if the motion is denied.

### H. Ninth Affirmative Defense – Failure to Mitigate

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Plaintiff will not be prejudiced if the motion is denied.

/ / /

### I. Tenth Affirmative Defense – No Violation of Legally Cognizable Public Policy

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. Plaintiff also contends that this affirmative defense is not a defense. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### J. Twelfth Affirmative Defense – Third Party Comparative Fault

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Since plaintiff has named other defendant show can he possibly argue the affirmative defense of third party comparative fault is improper. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### K. Thirteenth Affirmative Defense – Contributory Negligence

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative

/ / /

defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### L.  Fourteenth Affirmative Defense – Business Judgment Rule

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### M.  Eighteenth Affirmative Defense – Reasonable and Necessary Measures

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. Plaintiff further contends that this affirmative defense is not actually an affirmative defense. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### N.  Twentieth Affirmative Defense – Legitimate Safety Requirements

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. Plaintiff further contends that this affirmative defense is not actually an affirmative defense. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery

would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### O. Twenty-First Affirmative Defense – Legitimate Business Purpose

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### P. Twenty-Second Affirmative Defense – Additional Affirmative Defenses

This affirmative defense is adequately pled when read in conjunction with the pleadings. This affirmative defense is pled solely to reserve Defendants rights to raise additional affirmative defenses as litigation progresses and additional information is revealed during the discovery process. Dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### Q. Twenty-Fourth Affirmative Defense – Injury Claimed Attributable to Plaintiff

Plaintiff contends this affirmative defense is inadequately pled. This is not the case when read in conjunction with the pleadings. In addition, dismissing this

/ / /

particular affirmative at this time would be premature because discovery has barely commenced.

### R. Twenty-Fifth Affirmative Defense – Injuries and/or Damages Caused by Negligence of Plaintiff

Plaintiff contends that the affirmative defense is not adequately pled and should be stricken. This affirmative defense, when read in conjunction with the pleadings, provide fair notice to Plaintiff of this particular defense. Similarly, dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

### S. Twenty-Seventh Affirmative Defense – Financial Responsibility

Defendants agree this affirmative defense was likely included in error.

### T. Thirtieth Affirmative Defense – Intentional Acts of Others

This affirmative defense is adequately pled when read in conjunction with the pleadings. This affirmative defense is pled solely to reserve Defendants rights to raise additional affirmative defenses as litigation progresses and additional information is revealed during the discovery process, especially as plaintiff named other defendants. Dismissing this particular defense prior to commencement of discovery would be premature and severely prejudicial to Defendants. Defendants are informed and believed they will uncover additional factual bases to support this affirmative defense once discovery has commenced. Plaintiff will not be prejudiced if the motion is denied.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this court deny Plaintiff's motion to strike affirmative defenses. If the Court is inclined to grant Plaintiff's motion, Defendants respectfully request that they be allowed to amend their answers.

DATED: December 6, 2023         WESIERSKI & ZUREK LLP

By: */s/ Jennifer Naples*
JENNIFER W. NAPLES
Attorneys for Defendants, ALPHA BETA COMPANY dba RALPHS and THE KROGER CO.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 100 Corson Street, Suite 300, Pasadena, CA 91103.

On December 6, 2023, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** on the interested parties in this action as follows:

| | |
|---|---|
| Jenna Dakroub, Esq.<br>CONSUMER ATTORNEYS<br>6345 Balboa Boulevard, Suite 247<br>Encino, CA 91316<br>Phone: (602) 807-1525<br>Fax: (718) 715-1750<br>E-Mail: idakroub@consumerattorneys.com | Attorney for Plaintiff, Christopher Gray |
| Joshua Wagner, Esq.<br>David Orozco, Esq.<br>GORDON REES SCULLY MANSUKHANI, LLP<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>Phone: (213) 576-5000<br>Fax: (213) 680-4470<br>E-Mail: dorozco@grsm.com;<br>jwagner@grsm.com | Attorneys for Defendant, METRO ONE LOSS PREVENTION SERVICES GROUP (WEST COAST), INC. |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2023, at Pasadena, California.

Neil L. Canchola

I1998429-1 SED-1596

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE