UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8278-DMG (MARx) | Date | June 20, 2024 |
| Title | *Christopher Gray v. Ralphs Grocery Company, et al.* | Page | 1 of 6 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO CORRECT [34], MOTIONS TO STRIKE CERTAIN AFFIRMATIVE DEFENSES [22] [35], AND MOTION FOR LEAVE TO AMEND [50]**

## I.
## PROCEDURAL BACKGROUND

Plaintiff Christopher Gray brought this action against Defendants Ralphs Grocery Company, The Kroger Co., Metro One Loss Prevention Services West Coast Inc., and "John Doe Armed Security Guard" on October 2, 2023, asserting claims for: (1) violations of the American With Disabilities Act ("ADA"), (2) violations of California's Unruh Civil Rights Act, (3) assault, and (4) negligence. [Doc. # 1 ("Compl.")]. Defendants Ralphs, Kroger, and Metro One each filed a separate Answer to the Complaint. [Doc. ## 15 (Ralphs), 17 (Kroger), 23 (Metro One)].

On November 27, 2023, Gray filed a motion to strike certain affirmative defenses in Defendants Ralphs and Kroger's Answer. [Doc. # 22 ("MTX 1")]. On December 19, 2023, Gray filed a motion to strike certain affirmative defenses in Defendant Metro One's Answer. [Doc. # 35 ("MTX 2")]. Gray also filed a "motion to correct complaint" on December 19, 2023. [Doc. # 34.] On April 30, 2024, Gray filed a motion for leave to amend his complaint to name Donald Jones as a Defendant and add certain additional claims for relief. [Doc. # 50 ("MLA").]

Both motions to strike are fully briefed. [Doc. ## 26 ("MTX 1 Opp."), 30 ("MTX 1 Reply"), 38 ("MTX 2 Opp."), 40 ("MTX 2 Reply")]. Neither the "motion to correct" nor the MLA were opposed. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Gray's motions to strike, **DENIES as moot** the motion to correct, and **GRANTS** the MLA.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8278-DMG (MARx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | *Christopher Gray v. Ralphs Grocery Company, et al.* | Page | 2 of 6 |

## II.
## FACTUAL BACKGROUND

Plaintiff Christopher Gray is a Black man with a mental disability. Comp. ¶¶ 12, 16. Gray's mental disability prevents him from working, but he finds other ways to engage in routines that allow him to be outdoors and interact with other people. *Id.* ¶ 15. One such activity is shopping at his neighborhood Ralphs, which is located within walking distance of his home. *Id.* ¶ 1. Gray frequents this Ralphs location enough that he is well-known by the employees. *Id.* ¶ 34.

In March 2023, Gray entered his neighborhood Ralphs with the intent to purchase coffee creamer. Per usual, Gray was wearing the backpack that he uses to transport his purchases. *Id.* ¶ 1. While Gray was shopping, the security guard asked him to remove his backpack and leave it at the front of the store. *Id.* ¶ 43. Gray believed that the guard had been monitoring him while he was shopping and felt that he was being singled out. *Id.* ¶ 44. Gray questioned the guard's request and demanded to speak with the store manager. *Id.* ¶¶ 44, 47. The security guard then grabbed Gray by the collar, brandished a gun at him, physically forced Gray backwards, and verbally threatened him. *Id.* ¶ 47. The store manager intervened and deescalated the situation, but allegedly ratified the guard's conduct by telling Gray that the guard "had a right to do whatever he needed to do." *Id.* ¶ 50. Despite his fear of a similar encounter in the future, Gray has continued to patronize the store because he does not drive and must shop at a grocery store that he can walk to from his home. *Id.* ¶ 85.

## II.
## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (requests for leave to amend should be granted with "extreme liberality"). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). "Absent prejudice, or a strong showing of any of the [other relevant] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Furthermore, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8278-DMG (MARx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | *Christopher Gray v. Ralphs Grocery Company, et al.* | Page | 3 of 6 |

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored . . . and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Bianchi v. St. Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (alteration in original) (quotation omitted); *see also Butcher v. City of Marysville*, 398 F. Supp. 3d 715, 728 (E.D. Cal. 2019) (same); *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (same).

Without an adequate showing of prejudice, courts may "deny motions to strike even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." *N.Y. City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (internal quotations omitted). The decision to "grant a motion to strike lies within the sound discretion of the district court." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013).

### III.
### DISCUSSION

**A.    Motion for Leave to Amend and Motion to Correct**

On April 30, 2024, Gray filed a motion for leave to amend his Complaint to identify the "John Doe Armed Security Guard" as Donald Jones and to add claims for negligent infliction of emotional distress, false imprisonment, intentional infliction of emotional distress, and battery. MLA at 5.[1] The MLA was set for a June 21, 2024 hearing. Pursuant to Local Rule 7-9, Defendants' opposition was due by May 31, 2024, *i.e.*, at least 21 days before the date of the motion hearing. No opposition has been filed, and the time to do so has now passed. Accordingly, Plaintiff's MLA is **GRANTED** for failure to oppose. *See Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1139 (C.D. Cal. 2013) ("[T]he Local Rules permit the Court [to] deem failure to oppose as consent to the granting of the motion.") (citing L.R. 7-12).

In his "motion to correct," Gray sought to add Donald Jones as a party in place of "John Doe"—relief that already is encompassed in his MLA. [Doc. # 34.] As the Court has now

---

[1] Page citations herein refer to the page number inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-8278-DMG (MARx) | Date | June 20, 2024 |
| Title | *Christopher Gray v. Ralphs Grocery Company, et al.* | Page | 4 of 6 |

granted the requested relief, the motion to correct is redundant and it is therefore **DENIED as moot**.

B.  **Motions to Strike**

Although Gray filed two motions to strike, he makes largely identical arguments in each. Additionally, in their Answers, Defendants Ralphs Grocery, Kroger, and Metro One each assert the same 33 purported affirmative defenses. Gray moves to strike 21 of Ralphs and Kroger's defenses and 19 of Metro One's defenses because they are insufficiently pled, insufficient as a matter of law, and/or prejudicial to Plaintiff by "requir[ing] that Plaintiff plan his discovery and litigation strategy to include numerous improper affirmative defenses, and to commit resources to discovery regarding these defenses[.]" MTX 1 at 17; MTX 2 at 16–17. Because Plaintiff's MTXs are virtually identical, the Court will address the motions together.

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial," *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). That is why, though "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" at all, courts do not always strike such negative defenses. *Zivkovic v. S. Cal. Edison Co.*, 302 F. 3d 1080, 1088 (9th Cir. 2002); *see also Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 629 (E.D. Cal. 2014) ("[W]hile it is true these assertions are not technically 'affirmative defenses,' the court cannot conceive of how the presence of these assertions in the Answer will prejudice plaintiffs."). Furthermore, this Court applies the more lenient "fair notice" pleading standard to affirmative defenses, not the heightened standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Agricola Cuyuma SA v. Corona Seeds, Inc.*, CV 17-8220-DMG (SKx), 2019 WL 1878353, at *2 (C.D. Cal. Feb. 20, 2019). Because affirmative defenses need not be pled in great detail, **"motions to strike affirmative defenses are largely a waste of time unless prejudice can be shown."** *Id.* (emphasis added).

Applying the standard set forth above—although Plaintiff argues that several of Defendants' affirmative defenses are not affirmative defenses at all[2]—mistakenly categorizing a negative or non-affirmative defense as an affirmative defense is not grounds to strike the

---

[2] Plaintiff argues that the following "affirmative" defenses are not, in fact, affirmative defenses: failure to state a claim, no violation of public policy, compliance with statute, lack of standing, legitimate safety requirements, and legitimate business purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8278-DMG (MARx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | *Christopher Gray v. Ralphs Grocery Company, et al.* | Page | 5 of 6 |

defense from the Answer. *See Kohler*, 280 F.R.D. at 567 ("The Court fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient."). Additionally, Rule 8(b) allows Defendants to allege negative defenses, and the language of Rule 8(c) suggests courts should, in general, tolerate mistaken designation. *See* Fed. R. Civ. P. 8(b), (c)(2). Accordingly, the Court **DENIES** Plaintiff's MTX 1 as to Ralphs and Kroger's first, tenth, twentieth, and twenty-first defenses. The Court also **DENIES** Plaintiff's MTX 2 as to Metro One's first, tenth, nineteenth, and twentieth defenses.

Plaintiff further contends that 14 of Defendants' affirmative defenses are inadequately pled and do not give him fair notice of the bases for the defenses. These defenses, although pled with minimal factual support, satisfy the "fair notice" requirement. *See Agricola Cuyuma SA*, 2019 WL 1878353, at *4 ("Simply naming these defenses is likely sufficient to provide fair notice."). Furthermore, although Plaintiff makes a generalized assertion that he is prejudiced by all of Defendants' affirmative defenses, he has not specifically identified any prejudice arising from their inclusion in the Answers. *See In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) ("The moving party, therefore, must offer specific support showing a motion to strike is necessary to avoid prejudice[.]"). The Court therefore **DENIES** Plaintiff's MTX 1 as to Ralphs and Kroger's second, third, fourth, fifth, sixth, eighth, ninth, twelfth, thirteenth, fourteenth, eighteenth, twenty-fourth, twenty-fifth, and thirtieth affirmative defenses and MTX 2 as to Metro One's fifth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, eighteenth, twenty-fourth, twenty-fifth, and thirtieth affirmative defenses.

Defendants do not object to Plaintiff's motion as to the following defenses: Ralphs and Kroger's twenty-seventh affirmative defense and Metro One's second, third, fourth, and twenty-seventh defenses. The Court accordingly **GRANTS** Gray's motions as to these defenses. Ralphs and Kroger failed to respond to Plaintiff's motion to strike their seventh defense, so Plaintiff's MTX 1 is **GRANTED** as to that defense. Metro One did not respond to Plaintiff's motion to strike their sixteenth, twenty-third, and twenty-eighth defenses, so the Court also **GRANTS** Plaintiff's MTX 2 as to those defenses.

The Court also **GRANTS** Gray's motions to strike Defendants' twenty-second defense of "additional affirmative defenses." The twenty-second defense is a "catch-all" defense, or a reservation of Defendants' rights to amend their Answers. This is not an affirmative defense—if Defendants later wish to amend their Answers, they should request to do so via a Rule 15 motion. *See Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8278-DMG (MARx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | *Christopher Gray v. Ralphs Grocery Company, et al.* | Page | 6 of 6 |

## IV.
## CONCLUSION

In light of the foregoing, Gray's MLA is **GRANTED** and Gray's motions to strike are **GRANTED in part** and **DENIED in part**. Ralphs and Kroger's seventh, twenty-second, and twenty-seventh affirmative defenses are **STRICKEN**, and Metro One's second, third, fourth, fifth, sixteenth, twenty-second, twenty-third, twenty-seventh, and twenty-eighth affirmative defenses are **STRICKEN**. The motion to correct is **DENIED as moot**. Gray shall file his amended complaint **by no later than June 25, 2024**. Defendants' responses shall be due within 21 days after the amended complaint is filed and served. The June 21, 2024 hearing on the motion to amend is **VACATED**.

**IT IS SO ORDERED.**